JAMES A. LYNN *v*. STATE OF INDIANA.

[No. 977S641. Filed July 10, 1978.]

*Nile Stanton, Stanton Boyle Hyatt & Reuben,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

PRENTICE, J.—The petitioner (appellant) is before this Court appealing the denial of his petition for post-conviction relief, Ind. R.P.C. 1. He was originally charged with and convicted of first degree murder and sentenced to imprisonment for life. On appeal to this Court, his conviction was affirmed. *Lynn* v. *State,* (1971) 255 Ind. 631, 266 N.E.2d 8.

In his petition the petitioner raised the following as grounds for setting aside his conviction:

(1) Petitioner was denied fundamental fairness and due process of law in the giving of court's final instructions Nos.

19 and 28, State's final instruction No. 8 and petitioner's final instruction No. 19.

(2) Under the totality of the circumstances the defendant was denied fundamental fairness and due process of law by the giving of all of the erroneous instructions.

At the petitioner's trial on the criminal charges, the trial court gave several instructions to the jury concerning the defense of insanity, one of which was tendered by the petitioner. Following the post-conviction hearing, the trial court found that no objections to the instructions had been made at trial, that the petitioner's motion to correct errors filed after the trial failed to raise such question and that the instructions were never brought before the Supreme Court during the course of his appeal. It appears from the record before us that the first assignment of error with regard to such instructions was by the petition for post-conviction relief.

Ind. R. Crim. P. 8(B) provides that:

> "The court shall indicate on all instructions, in advance of the argument, those that are to be given and those refused. After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions and to state his specific objections to each, out of the presence of the jury and before argument, or specific written objections to each instruction may be submitted to the court before argument. No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required."

The purpose of the above rule is to allow the trial court an opportunity to correct any specific errors which may occur at the time, so as to avoid a new trial. *Summerlin* v. *State*, (1971) 256 Ind. 652, 271 N.E.2d 411; *Lynn* v. *State*, (1971) 255 Ind. 631, 266 N.E.2d 8. In the same vein, parties are required to present all possible grounds for appeal in their motion to correct errors so as to allow the trial court a chance to review and correct any errors, thus avoiding the necessity of an appeal. *Bailey* v. *State*, (1976) 264 Ind. 505, 346 N.E.2d

741; *Finch* v. *State*, (1975) 264 Ind. 48, 338 N.E.2d 629; *Ford* v. *State*, (1967) 248 Ind. 438, 229 N.E.2d 634. By failing to follow these procedures the petitioner waived the error, if any.

In his brief the petitioner recognizes the problem of waiver but argues that the giving of the instructions constituted fundamental error that can be raised at any time. However, he fails to present any authority supporting such claim, and we find none as well.

State's final instruction No. 8 and court's final instruction No. 19 were correct statements of the law at the time they were given, as found by the trial court in its conclusions of law. The other instructions with which the petitioner finds fault, were never held to constitute reversible error in the cases which he cites. Thus, although the instructions may not have been as articulate as might be desired, they were not so misleading as to constitute fundamental error within the meaning of *Kleinrichert* v. *State*, (1973), 260 Ind. 537, 297 N.E.2d 822; *Ford* v. *State*, (1967) 248 Ind. 438, 229 N.E.2d 634; or *Wilson* v. *State*, (1943) 222 Ind. 63, 51 N.E.2d 848.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1357.