**Clarence PAVEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 484S139.

Supreme Court of Indiana.

Oct. 21, 1986.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Clarence Pavey was convicted, after jury trial, of the murder of his wife. Of the various issues raised in his direct appeal, we need address only the trial court's refusal to give defendant's voluntary intoxication instruction. The underlying legal question is whether our decision in *Terry v. State* (1984), Ind., 465 N.E.2d 1085, shall be given retroactive application in this case.

Defendant's tendered instruction No. 1 was virtually identical to the voluntary intoxication instruction previously reviewed in both *Williams v. State* (1980), Ind., 402 N.E.2d 954, and *Poe v. State* (1983), Ind., 445 N.E.2d 94.

In reviewing the refusal of a tendered instruction, we must determine: (1) whether the tendered instruction correctly states the law; (2) whether there is evidence in

the record to support the giving of the instruction; and, (3) whether the substance of the tendered instruction is covered by other instructions which are given. *Williams, supra; Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836.

A robbery conviction was reversed in *Williams* because of the trial court's refusal to give the tendered instruction regarding voluntary intoxication. Finding that robbery as charged was a specific intent crime, *Williams* held that intoxication may be a defense, and that the tendered instruction was "not an erroneous statement of the law." 402 N.E.2d at 955. Apparently in response to the *Williams* decision [1], the Indiana General Assembly amended Ind. Code § 35–41–3–5(b) to provide that voluntary intoxication is a defense "only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to'." Acts 1980, P.L. 205, § 1.[2] Thereafter, in *Poe, supra,* we applied the intervening statutory change and held that a trial court properly refused the same voluntary intoxication instruction previously approved in *Williams,* because the offense of arson was not defined to require commission "with an intent to" or "with an intention to." 445 N.E.2d at 98. Such was the state of the law on July 1, 1983, when the jury was instructed in the instant case.

Subsequently, however, in *Terry v. State, supra,* (DeBruler, J., concurring in result) this Court held:

> Any factor which serves as a denial of the existence of *mens rea* must be considered by a trier of fact before a guilty finding is entered. Historically, facts such as age, mental condition, mistake or intoxication have been offered to negate the capacity to formulate intent. The attempt by the legislature to remove the factor of voluntary intoxication except in limited situations, goes against this firm-

ly engrained principle. We thus hold Ind.Code § 35–41–3–5(b) is void and without effect.

465 N.E.2d at 1088. Defendant urges that our determination in *Terry* should be given retroactive effect, thus rendering erroneous the trial court's refusal to give defendant's voluntary intoxication instruction.

The issue of retroactive application of a new judicial rule was extensively addressed and definitively resolved in our recent unanimous decision in *Rowley v. State* (1985), Ind., 483 N.E.2d 1078, in which we held that retroactive effect is required where the new rule "is directly designed to enhance the reliability of criminal trials rather than when the rule has only a tangential relation to truth-finding at trial." 483 N.E.2d at 1082. In *Rowley,* we concluded that for retroactive application to be required, "[t]he alleged flaw which affects the fact finding process must directly and persuasively affect the determination of defendant's guilt or innocence." 483 N.E.2d at 1083.

■ We find that the judicial rule adopted in *Terry* clearly meets this requirement. By correcting prior law which precluded a defendant's right to offer a voluntary intoxication defense, the *Terry* holding corrected a flaw which directly and persuasively affected the fact finding process and the determination of a defendant's guilt or innocence. We therefore conclude that defendant's tendered voluntary intoxication instruction correctly stated the law.

■ To determine whether refusal of the instruction was error, we must next review the evidence to determine if it supported the giving of the instruction. A defendant is entitled to an instruction on any defense which has some foundation in the evidence. *Warren v. State* (1984), Ind., 470 N.E.2d 342; *Harrington v. State* (1980), Ind.App., 413 N.E.2d 622; *Cyrus v. State* (1978), 269

---

**1.** Justice DeBruler's opinion, concurring in result in *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1089, observed that *Williams* "is well recognized as having triggered the incorporation of these limiting phrases into the defense of intoxication statute."

**2.** Prior to the amendment, I.C. § 35–41–3–5(b) provided that voluntary intoxication "is a defense only to the extent that it negates specific intent."

Ind. 461, 464, 381 N.E.2d 472, 474, *cert. denied*, 441 U.S. 935, 99 S.Ct. 2058, 60 L.Ed.2d 664 (1979).

The record contains evidence that defendant may have consumed 17–19 beers during the period of approximately nine hours before Mrs. Pavey was killed. She died during a volatile argument wherein the defendant shot his wife, and then shot himself. Defendant's consumption of alcohol was more or less continuous until just a few minutes before he shot his wife. Approximately one hour later, hospital technicians took a sample of defendant's blood which was found to contain the blood alcohol level of 0.17. In proceedings charging the offense of driving while intoxicated, a blood alcohol level of 0.10, or more, is statutory *prima facia* evidence of intoxication.[3] We do not suggest that the legislature's determination of the intoxication level beyond which driving ability is presumed impaired serves as an appropriate standard for determining the defense of voluntary intoxication in a murder trial. It is not. However, for our purposes in determining whether or not the evidence presented sufficient facts to warrant defendant's voluntary intoxication defense, it is helpful.

As we observed in *Terry*, "a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." 465 N.E.2d at 1088. However, under the facts of the present case, the evidence was sufficient to create a factual issue which entitled defendant to a jury determination of his voluntary intoxication defense. We find that the evidence supports the giving of the instruction.

Finally, it must be determined whether the substance of the tendered instruction was covered by other given instructions. If so, its refusal does not constitute reversible error. In the instant case, the substance was not addressed in other instructions. To the contrary, the court expressly instructed the jury that voluntary intoxi-

cation "is a defense only to the extent that it negates specific intent," and that "murder is not a crime of specific intent." Thus, the instructions read to the jury are contrary to the law as determined in *Terry, supra.*

It was therefore error to refuse the proffered instruction. Because of our determination of this issue, it is unnecessary to address the other issues raised in this appeal. The conviction is reversed and the cause is remanded for a new trial.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, J., concurring in part and dissenting in part with opinion.

SHEPARD, Justice, concurring in part and dissenting in part.

While I agree that we should apply retroactively the rule announced in *Terry v. State* (1984), Ind., 465 N.E.2d 1085, I dissent from the decision to reverse the defendant's conviction because I am satisfied that the refusal of the instruction was harmless beyond a reasonable doubt.

When this Court voided the legislature's policy decision to disallow voluntary intoxication as a defense in cases such as this, it was plain that we did not intend to grant general absolution for perpetrators who plead intoxication. Chief Justice Givan wrote for the Court:

A defendant in Indiana can offer a defense of voluntary intoxication to any crime. The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill.

*Id.*, 465 N.E.2d at 1088.

While I agree with the majority that whether a defendant possessed adequate

---

**3.** Ind.Code § 9–11–1–7 (Acts 1983, P.L. 143, § 1)     replacing Ind.Code § 9–4–1–54(b)(4).

*mens rea* is initially a jury question, deciding an appeal requires further analysis. We should consider whether the evidence at trial was such that the trial court's refusal of the instruction made any difference.

The evidence at trial about this defendant was that he was able to drive his van, without visible impairment, able to hold intelligent conversations with his friends, and competent to conduct business at his bar. There was testimony that people who observed him did not notice anything unusual about his behavior, speech, or motor skills. Finally, he was able to aim and fire a shotgun with deadly accuracy.

To set aside the conviction of such a person seems to me more contrary to our decision in *Terry* than consonant with it.