**James E. BOZEMAN, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 45S00–8610–CR–00871.**

Supreme Court of Indiana.

Aug. 18, 1988.

William L. Touchette, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant James L. Bozeman was found guilty following a jury trial of the crimes of Robbery and Attempted Confinement, both class B felonies. Bozeman was sentenced by the trial court to two fifteen (15) year concurrent sentences.

The only issue presented by Bozeman in this direct appeal is the alleged misconduct of the deputy prosecutor during final argument. Specifically, Bozeman contends the deputy prosecutor misstated the evidence, stated personal opinions as to the credibility of witnesses, and made improper arguments calculated to influence the passions and prejudices of the jury. Part of Bozeman's defense was that he did not take part in this robbery but that one William Hill did and that Bozeman was mistaken for him. Police were never able to find William Hill, nor anyone who knew of his existence. During closing argument the prosecutor referred to this fact and told the jury the reason William Hill couldn't be found was that he didn't exist since he was a figment of Bozeman's accomplice, Bernard Gibson's, imagination. Other statements were made about the fact there was an inconsistency in testimony about some tools and about changing a license plate. The prosecutor pointed out this conflict in the testimony and stated the defense's explanation could not be believed. The prosecutor made similar statements about Bozeman's intoxication, about an attempt to create an alibi, and about inconsistencies in Bernard Gibson's statement that Bozeman was not involved in the robbery. The prosecutor also made the statement that not all people who take an oath tell the truth. Bozeman claims the deputy prosecutor misstated the evidence that the differences are so slight in view of the witness' direct testimony implicating Bozeman that it does not rise to the point of reversible error.

The robbery of the victim took from twenty-five to thirty minutes and included a threat to kill the victim and an attempt by the robbers to take her with them since they could not find a room to lock her in when they left. She agreed to go into the bathroom and not come out but this did not satisfy them and they took her to the parking lot at gunpoint and ordered her into their vehicle. She refused to get in and backed away, reaching the door of the laundromat as they sped away. Although Bozeman now claims the statements made by the deputy prosecutor improperly expressed his personal opinion as to the credibility of the witnesses, he failed to object at any time during the final arguments at trial. Bozeman concedes that a failure to object at trial to give the trial court an opportunity to rule on the problem is a waiver. He is correct that in order to preserve an alleged error for review, a timely objection must be made. *Abercrombie v. State* (1985), Ind., 478 N.E.2d 1236, 1238; *Maldonado v. State* (1976), 265 Ind. 492, 497–98, 355 N.E.2d 843, 848. However, Bozeman claims this was fundamental error which denied Bozeman fundamental due process and requires a reversal of his convictions.

In *Maldonado*, this court recited a standard to determine whether there has been prosecutorial misconduct that so prejudices the defendant that a reversal is required. It requires a finding the prosecutor, in fact, engaged in misconduct and, if so, whether the misconduct under all the circumstances placed defendant in a position of grave peril to which he should not have been subjected. Whether the misconduct results in subjecting the defendant to grave peril is determined by the probable persuasive effect of the misconduct on the jury's decision, not by the degree of impropriety of the conduct. *Maldonado*, 265 Ind. at 498–99, 355 N.E.2d at 848. Here, the deputy prosecuting attorney referred to the testimony of the witnesses the jury had heard and pointed out the conflicts that needed to be resolved. His argument consisted of pointing out the strengths and weaknesses of the testimony of the various witnesses, suggesting the testimony of defense witnesses did not stand up against that of the victim and other State's witnesses. This would appear to be fair comment by counsel and a process followed by trial lawyers in any type of case in final argument. As we have already pointed out, Bozeman made no objection at trial giving the trial court an opportunity to consider the propriety of any particular remark of the prosecuting attorney and has waived our consideration of it. We fail to see that any of the remarks highlighted by Bozeman in this appeal placed him in such grave peril that his fundamental due process rights were affected, resulting in fundamental error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.