Michael E. GREY, Appellant,

v.

STATE of Indiana, Appellee.

No. 20S00–8905–PC–359.

Supreme Court of Indiana.

May 9, 1990.

Rehearing Denied July 11, 1990.

Susan K. Carpenter, Public Defender, Kenneth L. Bird, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of post-conviction relief. In 1978, appellant was convicted of the Rape of a child under the age of twelve. The trial court sentenced appellant to life imprisonment. The conviction was affirmed by this Court. *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348.

Following a hearing on this petition, the trial court made thorough findings of fact and conclusions of law and denied post-conviction relief.

■ The petitioner in a post-conviction relief proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence, and the post-conviction relief court is the sole judge of the evidence and the credibility of the witnesses. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied,* — U.S. ——, 110 S.Ct. 268, 107 L.Ed.2d 218. The reviewing court will not reverse the judgment of the post-conviction court unless the evidence on this point is undisputed and leads inevitably to a conclusion opposite to that of the trial court. *Id.*

■ The post-conviction relief process is open to the raising of issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. This Court stated in *Langley v. State* (1971), 256 Ind. 199, 210, 267 N.E.2d 538, 544:

> "To unreservedly hold the door open for appellate review under the post conviction remedy rules, regardless of the circumstances which preceded, would perforce characterize post conviction relief as some sort of 'super-appeal' contrary to its intended function."

■ Appellant claims that the trial court should have sentenced him under the ameliorative sentencing provisions of Ind.Code § 35–42–4–3 instead of Ind.Code § 35–13–4–3.

We note that the issue was available on direct appeal, and appellant failed to raise it. Appellant's failure to raise the issue constitutes waiver for post-conviction relief. *Schiro, supra.* Likewise, appellant raised this issue in his motion to correct erroneous sentence, which the court denied on January 3, 1985 and which he did not appeal.

Even without regard to the issue of waiver, appellant's claim lacks merit. Although Acts 1977, P.L. 340, § 150 repealed Ind. Code § 35-13-4-3, it contained a saving clause which provided that the new penalty should not apply to an offense committed before October 1, 1977.

The record reveals that the State charged appellant on October 4, 1976 with a rape which occurred on September 29, 1976. Appellant was charged under Ind. Code § 35-13-4-3 and was tried by jury on May 23 and 24, 1978. The jury convicted appellant, and the trial court sentenced him to life imprisonment on June 19, 1978. Because the commission of the offense was prior to October 1, 1977, the trial court did not err in sentencing appellant under Ind. Code § 35-13-4-3. *Turner v. State* (1980), 273 Ind. 627, 407 N.E.2d 235; *Morris v. State* (1980), 273 Ind. 614, 406 N.E.2d 1187; *Parsley v. State* (1980), 273 Ind. 46, 401 N.E.2d 1360, *cert. denied,* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79.

■ Appellant contends that prosecutorial misconduct denied him due process and that the prosecutor shifted the burden of proof and made improper statements during final argument.

In its findings of fact and conclusions of law, the post-conviction court found that appellant waived the issue of prosecutorial misconduct by failing to make a proper objection at trial and by failing to raise the issue in his direct appeal. Appellant's failure to do so constitutes waiver of the issue for post-conviction review. *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385. Likewise, appellant's failure to object at trial to statements made to the jury constitutes waiver of the issues. *Bozeman v. State* (1988), Ind., 526 N.E.2d 1173. We find no error.

The post-conviction court noted that the three statements made by the prosecutor, when read in context, were not entirely objectionable and were isolated comments which were not designed to arouse the passions of the jury. In addition, the post-conviction court noted that Final Instructions Nos. 6 and 7 clarified any confusion regarding who carried the burden of proof. Notwithstanding the waiver, we find sufficient evidence to support the trial court's finding. *Wilson v. State* (1987), Ind., 511 N.E.2d 1014.

Appellant now argues that certain instructions given violated his constitutional rights. We note however that appellant did not argue on appeal the impropriety of these instructions; thus these issues are waived. *Schiro, supra; Bailey, supra.*

Appellant also contends that the trial court acted improperly in responding to a note from the jury during deliberations and outside of his presence thereby violating his due process rights.

We note that this issue was available on direct appeal, but appellant failed to raise it. Notwithstanding the waiver of the issue, appellant's claim is without merit. The jury sent the judge the following note: "Was the words 'made penetration' in the confession state exhibit # 8." At the post-conviction hearing, juror Devon Strycker testified that the trial judge informed the jury, either through a written note or through the bailiff, as follows: "We cannot. Rely upon your own notes and memory."

■ When jurors request additional guidance from the court, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with the jury, and the parties should be informed of his proposed response to the jury. *Martin v. State* (1989), Ind., 535 N.E.2d 493. An inference of prejudice arises from an *ex parte* communication and this inference creates a rebuttable presumption that error has been committed. *Id.* Communications between the judge and the deliberating jury in defendant's absence are forbidden, but such

communications do not constitute *per se* grounds for reversal. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699.

■ When the trial judge merely responds to a jury question by denying their request, any inference of prejudice is rebutted and any error is deemed harmless. *Martin, supra.* In the present case, the post-conviction court noted in its findings of fact and conclusions of law that the judge responded to the jury question by informing them that he could not answer. Thus the error was harmless.

Appellant also contends he was denied his right to a fair trial by an impartial jury as a result of alleged misconduct by two jurors during *voir dire* questioning. Appellant claims that two jurors, Strycker and Wagoner, failed to disclose or fully respond to certain questions posed by defense counsel during *voir dire*. As to juror Strycker, appellant claims he failed to disclose that he knew Elkhart City police officer, Larry Staub and that juror Wagoner did not disclose that his son, Robert J. Wagoner, had a criminal charge pending against him.

■ We note that this issue was available to appellant on direct appeal, but he failed to raise it. However, assuming for the sake of argument that the issue was not waived, we find appellant's claim lacks merit. At the post-conviction relief hearing, the judge in his findings of fact and conclusions of law noted that Strycker testified that he knew State's witness, Larry Staub at the time of the trial, but the mere fact that a juror knows a potential witness does not disqualify him. Appellant made no attempt to show that Strycker could not have been a fair and impartial juror.

■ As to juror Wagoner, the judge's findings of fact and conclusions of law indicate that during *voir dire*, juror Wagoner fully answered a question concerning any direct or prior relationship with the court. He answered that his son had been in Judge Bontrager's Court, that Judge Bontrager relieved his son of three charges, and that his son's case was transferred to Superior Court No. 1. It also was indicated that appellant did not call juror Wagoner as a witness at his post-conviction hearing, and no evidence was presented as to any bias that juror Wagoner had. Before a party is entitled to reversal, he must affirmatively show error prejudicial to his substantial rights. *Underwood v. State* (1989), Ind., 535 N.E.2d 507, *cert. denied,* — U.S. ——, 110 S.Ct. 257, 107 L.Ed.2d 206. We find no error.

■ Appellant also claims that he was denied effective assistance of trial counsel. Notwithstanding the failure to raise this issue, appellant's claim is without merit. To succeed on a claim of ineffective assistance of counsel, appellant's burden is to show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Terry v. State* (1984), Ind., 465 N.E.2d 1085.

Appellant claims his trial counsel was ineffective in failing to object to certain statements made by the prosecutor during final argument and to certain jury instructions. He also claims that the cumulative effect of the alleged errors amounted to ineffective assistance. As stated above, these issues did not rise to the stature of reversible error. However, appellant contends that the cumulative effect of the errors above denied him a fair trial.

■ This Court has held that where irregularities standing alone do not amount to error, they cannot gain the stature of reversible error taken together. *Stonebraker v. State* (1987), Ind., 505 N.E.2d 55.

■ Appellant attempts to raise the voluntariness of his confession issue. This Court found in the direct appeal that if any error existed it was harmless, and appellant was not prejudiced because the jury heard lengthy testimony regarding the circumstances surrounding the giving of the confession. Defense counsel made a strenuous and extensive final argument on the subject, and the trial court gave general instructions regarding weighing the evidence and judging credibility. *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348. An issue which is raised and determined

adverse to appellant's position is *res judicata*. *Schiro, supra*. We find no error.

Appellant contends that the trial court improperly instructed the jury on the element of intent. Appellant failed to raise this issue on appeal or in the motion to correct error and now asserts this issue as fundamental error. Notwithstanding appellant's waiver of the issue, we find that Instruction 11 covered the issue of intent. We find no error.

 Appellant claims that fundamental error exists on each of the questions raised above. Fundamental error is characterized as error which constitutes a clear, blatant violation of basic and elementary principles, and the resulting harm or potential for harm must be substantial. *Hensley v. State* (1986), Ind., 499 N.E.2d 1125. A claim characterized solely as fundamental error is available only on appeal and is raised when there has been a failure to assign an error which is so egregious that it must be decided by the appellate court because of its fundamental nature. *Bailey, supra*. In the case at bar, we cannot perceive that any of appellant's allegations discussed above rise to the stature of fundamental error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.