James **TERRY**, Appellant
(Defendant Below),

v.

**STATE of Indiana,** Appellee
(Plaintiff Below).

No. 79A02–8904–PC–00188.

Court of Appeals of Indiana,
Third District.

Dec. 10, 1990.

John B. Wilson, Jr., Nashville, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

James Terry appeals the denial of his Petition for Post Conviction Relief, raising five issues for our review:

I. Whether the trial court erred in failing to instruct the jury that it is the burden of the State to negate the presence of sudden heat beyond a reasonable doubt when the defendant raises the issue and offers proof.

II. Whether the trial court erred in refusing to instruct the jury on the defense of intoxication.

III. Whether the trial court gave erroneous instructions as to the crime of attempted murder.

IV. Whether Terry received ineffective assistance of trial counsel.

V. Whether Terry received ineffective assistance of appellate counsel.

We affirm.

In 1982, Terry was convicted pursuant to a jury trial of attempted murder. His conviction was affirmed upon direct appeal to our Supreme Court. *Terry v. State* (1984), Ind., 465 N.E.2d 1085. The facts surrounding the incident which gave rise to his conviction are set out in that reported opinion, and we will refer only to those facts necessary for the disposition of this second appeal.

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence, and the post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1197, *rehearing denied.* We will not reverse the judgment of the post-conviction court unless the evidence on this point is undisputed and leads unerringly to a result opposite to that reached by the trial court. *Id.*

■ The purpose of a petition for post-conviction relief is to raise issues not known at the time of the original trial and appeal or for some reason not available to

the defendant at that time. *Id.* Thus, post-conviction relief is not a "super-appeal" which allows the rehashing of prior proceedings regardless of the circumstances surrounding them. *Id.*

## I.

### *Instruction on State's Burden*

■ Terry first contends that the trial court erred in failing to instruct the jury that the State bears the burden of negating the presence of sudden heat in an attempted homicide case where the defendant raises the issue. The failure to properly instruct the jury is an issue which was available to Terry on his direct appeal, and thus may not be raised upon a petition for post-conviction relief. *Grey, supra,* at 1198.

## II.

### *Instruction on Intoxication*

■ Terry next contends that the trial court erred in refusing his tendered instruction on the intoxication defense. Terry concedes that this issue was decided against him in his prior appeal, *Terry, supra,* at 1088, but argues that this issue should be reconsidered in light of our Supreme Court's decision in *Pavey v. State* (1986), Ind., 498 N.E.2d 1195. In *Pavey,* the Supreme Court held that the judicial rule from *Terry* striking down the statute limiting the use of the intoxication defense had retroactive application. In so doing, the Court found that the defendant was entitled to a new trial due to the trial court's refusal of Pavey's tendered instruction on the intoxication defense.

Terry argues that the similarity between the facts of this case and those in *Pavey* entitle him to a new trial. His claim has no merit. The Supreme Court in *Terry* stated:

A defendant in Indiana can offer a defense of voluntary intoxication to any crime. The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposi-

tion, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill.

In the case at bar, evidence was produced to show that appellant had been drinking. However, evidence was also introduced to show he drove a car, gave directions to other people and made decisions on a course of action for himself. The trial court did not err in refusing to give the instruction as no reasonable doubt existed that the appellant had the intent to commit the act for which he was charged.

*Id.* at 1088. This issue was decided by Terry's direct appeal, and therefore its reconsideration is foreclosed by the doctrine of res judicata. *Grey, supra,* at 1199.

## III.

### *Instructions Relating To Attempted Murder*

■ Terry argues that the trial court committed fundamental error in giving instructions 4 and 5, because those instructions allowed the jury to convict him of attempted murder without finding that he possessed the requisite specific intent to kill. He cites *Abdul–Wadood v. State* (1988), Ind., 521 N.E.2d 1299, *rehearing denied.*

In *Abdul–Wadood,* our Supreme Court reversed a conviction on the basis that the challenged instruction on attempted murder did not inform the jury that the substantial step toward the crime of murder must have been accompanied by a culpable state of mind. *Id.* at 1300. Thus, "[a]rmed with the information in [the] instruction[s], the jury could rationally deem itself authorized to convict because it was convinced beyond a reasonable doubt that the accused deliberately engaged in ... conduct, in a series of developing events, which culminated in an enterprise carrying the death risk, even though there could have been no appreciation of that risk at the time of the

... conduct." *Id.* at 1300–1301. Such is not the case here.

Instructions 4 and 5 read:

Court's Instruction No. 4

This is a criminal case brought by the State of Indiana against the defendant, James B. Terry. The case was commenced when an information was filed charging the defendant with the crime of attempted murder. That information, omitting the formal parts, reads as follows: "On or about the 2nd day of May, 1981, in Tippecanoe County, State of Indiana, James B. Terry did attempt to commit the crime of murder by knowingly and intentionally stabbing and cutting Ferris Orange, Jr., about the head and chest, with a knife, causing serious bodily injury to Ferris Orange, Jr., which conduct constituted a substantial step towards the commission of the crime of murder; all of which is contrary to the form of the statutes in such cases made and provided, to-wit: Indiana Code 35–41–5–1 and 35–42–1–1, and against the peace and dignity of the State of Indiana."

Court's Instruction No. 5

The defendant has entered a plea of not guilty and the burden rests upon the State of Indiana to prove to each of you, beyond a reasonable doubt, every essential element of the crime charged.

The charge which has been filed is the formal method of bringing the defendant to trial.

The fact that a charge has been filed, the defendant arrested and brought to trial is not to be considered by you as any evidence of guilt.

Record, pp. 101–102.

Instruction 5 is a correct statement of the law. Instruction 4 merely purported to recite the terms of the charging information. It did not seek to instruct the jury on the law applicable to the case. Although any deficiencies in the information might at one time have been attacked, *Terry, supra,* at 1086–1087, its ostensible misstatement of the law does not taint the conviction.

An error in an instruction is not grounds for reversal unless the error is of such a nature that the entire charge of which it is part misled the jury on the law applicable to the case. *Jester v. State* (1990), Ind., 551 N.E.2d 840. The jury was properly instructed on the requisite elements of the crimes of murder and attempt as follows:

Court's Instruction No. 6

The crime of murder is defined by statute as follows: A person who *knowlingly* [sic] *and intentionally kills* another human being commits murder, a felony.

Court's Instruction No. 7

The crime of attempt is defined by statute as follows: A person attempts to commit a crime when, *acting with culpability required for commission of a crime,* he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit murder is a Class A felony.

Record, pp. 103–104 (emphasis added).

These instructions, which purported to state the law applicable to the case, correctly apprised the jury that a specific intent to kill was required to convict Terry of attempted murder.

## IV.

### *Ineffective Assistance of Trial Counsel*

Terry next contends that he was the victim of ineffective trial counsel in that his attorney did not develop the victim's propensity for violence, did not call any witnesses recommended by Terry, did not move for a mistrial when it was discovered that one juror had applied for a job at the prosecutor's office and was dismissed before the verdict, and failed to object to instructions 4 or 5 or tender instructions regarding intent, culpability, or the burden of the state to negate sudden heat beyond a reasonable doubt.

In deciding Terry's direct appeal, the Supreme Court set out the standard of review upon a claim of ineffective assistance of counsel:

There is a strong presumption of competence on the part of counsel. This presumption is overcome only by strong and convincing evidence. *Priest v. State,*

(1983) Ind., 449 N.E.2d 602. The requirement is one of adequate legal representation. *Dillin v. State,* (1983) Ind., 448 N.E.2d 21. Isolated poor strategy, bad tactics, a mistake, carelessness or inexperience do not necessarily amount to ineffective counsel unless, taken as a whole the defense was inadequate. *Hollon v. State,* (1980) 272 Ind. 439, 398 N.E.2d 1273.

Terry's first three allegations were raised on direct appeal of this case to the Indiana Supreme Court. *Terry, supra,* at 1089. Thus, he may not raise them again in his petition for post-conviction relief. *Grey, supra.*

In Issue III, we held that the jury was properly instructed as to the culpability required for attempted murder. Thus, Terry's fourth contention of ineffective assistance of counsel has no merit.

■ Finally, the decision not to tender an instruction on the burden of the State regarding voluntary manslaughter was a tactical decision. Terry's principal defense at trial was self-defense. Certainly, in light of the circumstances, it was reasonable for Terry's trial counsel to present that defense to the jury as the theory of Terry's case. Although in retrospect it is possible that an instruction on the State's burden may have influenced the jury to find Terry guilty of attempted voluntary manslaughter rather than attempted murder, Terry's trial attorney testified at the post-conviction hearing that the best possibility would be acquittal on the theory of self-defense, rather than a lesser conviction. Reasonable strategy is not subject to judicial second guesses. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 309.

We do not find that any one of these allegations constituted ineffective assistance of counsel, nor do we find that an accumulation of the alleged errors constituted ineffective assistance.

## V.

### Ineffective Assistance of Appellate Counsel

■ Terry contends that his appellate counsel was ineffective upon Terry's direct appeal because he only devoted one page of the appellate brief to the issue of ineffective assistance of trial counsel. We note that the important consideration is that the alleged errors were raised, not the form in which they were presented. We will not second guess the extent to which appellate counsel chooses to discuss an issue in his brief. *Harrington v. State* (1984), Ind., 459 N.E.2d 369, 373. Certainly, the brief was an adequate vehicle to present the issue to the Supreme Court, because it was addressed in arriving at the decision upon appeal. *Terry, supra,* at 1089.

Affirmed.

BUCHANAN, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

In my view the instructions given as to the crime of attempted murder were erroneous and require reversal of the conviction. For this reason I dissent.

Terry asserts that taken together Instructions 4 and 5 misled the jury in that they advised that a conviction would be appropriate without proof that he had the specific intent to kill Mr. Orange. Although in the context of the charge itself, this very contention was made by Terry in his direct appeal and was rejected by our Supreme Court as harmless error, if error at all. The Court said:

"In the case at bar the information filed used the term murder on two occasions. Appellant was sufficiently apprised of the allegation to offer self-defense as a defense. It cannot be said the error, if any, was blatant and the potential for harm to this defendant was substantial." 465 N.E.2d at 1087.

The specific intent aspect takes on a different caste in terms of a jury's deliberation concerning proof of every requisite element of the crime.

The State contends that because an instruction was given which defined murder, the jury was sufficiently apprised that not

only must they find that the act of stabbing was knowing or intentional, but also that the act was a substantial step toward the knowing or intentional killing of Orange.

Even assuming that the jury was so apprised, such awareness is insufficient under the present state of the law. The State's position must be rejected in light of *Abdul–Wadood v. State* (1988) Ind., 521 N.E.2d 1299. In that case the jury was given instructions very similar to those in the case before us. The jury was advised:

> "To sustain the charge of attempted murder, the State must prove the following propositions:
>
> First: That the Defendant knowingly engaged in conduct against DAVID ABEL.
>
> Second: That the Defendant's conduct against DAVID ABEL constituted a substantial step toward the commission of the crime of murder." 521 N.E.2d at 1300.

Furthermore, in *Abdul–Wadood*, as here, the jury was given the definition of murder.

Our Supreme Court reversed the attempted murder conviction holding:

> "This instruction is defective in that it fails to inform the jury that the substantial step toward the crime of murder must have been accompanied by the state of mind which is required for the crime of murder. In *Smith v. State* (1984), Ind., 459 N.E.2d 355 we declared the giving of this instruction to be fundamental error. *See also Santana v. State* (1986), Ind., 486 N.E.2d 1010. The error in the instruction creates a serious risk of wrongful conviction." 521 N.E.2d at 1300.

Our Fourth District recently followed this holding in *Armstrong v. State* (1989) 4th Dist. Ind.App., 540 N.E.2d 626, *trans. denied.*

More recently, in *Jackson v. State* (1989) Ind., 544 N.E.2d 853, our Supreme Court, without citing the *Abdul–Wadood* decision, proceeded to follow it and the earlier decision in *Smith v. State* (1984) Ind., 459 N.E.2d 355. In *Jackson,* the Court reversed an attempted murder conviction despite an instruction which advised that the State must prove that defendant "knowingly attempted to kill." The Court held that the instruction did not "inform the jury of the elements of attempted murder, namely that defendant with intent to kill [the victim], took a substantial step to accomplish that end." 544 N.E.2d at 854.

The majority here seeks to distinguish *Abdul–Wadood* but in my view fails to do so. The majority concludes that Instruction 5 is a correct statement of law and that Instruction 4 could not have misled the jury because it merely recites the charge and further that the instructions defining murder and attempted murder advise the jury that "a specific intent to kill was required." At 1304.

The majority opinion's conclusion seems to rest upon the fact that Instruction 7 tells the jury that conviction requires proof that the defendant acts "with culpability required for commission of [murder]." At 1304. Instruction 7 does not cure the problem.

The culpability required for murder is that the killing be knowing or intentional. I.C. 35–42–1–1 (Burns Code Ed.Supp.1990).[1]

It is perhaps arguable that in order to be guilty of intentionally killing, the actor must have had "the conscious objective" to kill (I.C. 35–41–2–2(a) (Burns Code Ed.Repl. 1985), i.e., a specific intent to kill as opposed to merely having a conscious objective to engage in the conduct which results in a death.

It is also possible to reason that a "knowing" killing carries with it not only knowledge that the physical act is being engaged in but also the cognitive element in terms of a knowledge of the "high probability" of the consequences which accompany the act itself. *See Moser v. State* (1982) 2d Dist. Ind.App., 433 N.E.2d 68.

---

**1.** The instruction given which defined murder stated that the conduct must be "knowing *and* intentional." (Emphasis supplied.)

Be that as it may, with regard to criminal attempts, the State must prove that the defendant's conduct was purposeful. *Wells v. State* (1990) 2d Dist. Ind.App., 555 N.E.2d 1366. And as noted in Presiding Judge Shields' separate opinion in *Wells,* joined by Judge Staton:

> "[T]he substantial step conduct, which must be done intentionally or knowingly in the crime of attempt, must be done with the purpose of committing the principal crime." 555 N.E.2d at 1374.

It is therefore clear, I think, that proof that the defendant engaged in conduct knowingly or intentionally does not suffice for conviction of an attempt. With regard to attempted murder, the State must additionally prove that the conduct must have been engaged in with the purposeful intent to kill. Whether this requirement is a proof requirement in addition to the "knowing or intentional" element, or as held by Judges Shields and Staton, is a requirement embraced within the concept of "knowing or intentional," it must nevertheless be present and the jury must be so instructed. This is precisely what the *Abdul–Wadood* decision holds. And it is this holding which appears to be overlooked by the majority today.

Even were I to agree that the specific intent to kill is necessarily embraced within instructions which define murder and attempt, and which advise the jury that the State must prove every essential element of the crime, such would not alter my vote to reverse this conviction. Here, the jury was not provided with the definitions of "knowingly" or "intentionally". Accordingly, they had no frame of reference within which to engage in the sophisticated mental process called for by the majority opinion. *See Abercrombie v. State* (1985) Ind., 478 N.E.2d 1236.

I reiterate my view that taken as a whole, the instructions were severely inadequate and misleading as to the State's duty to prove that when Terry "knowingly and intentionally" cut and stabbed Orange with a knife, he did so with the intent to kill Orange.

The giving of the instructions constituted fundamental error. *Jackson, supra,* 544 N.E.2d 853; *Abdul–Wadood, supra,* 521 N.E.2d 1299; *Smith, supra,* 459 N.E.2d 355. It was not necessary that Terry at the post-conviction stage couch the issue in terms of ineffective assistance of trial and appellate counsel. *Propes v. State* (1990) Ind., 550 N.E.2d 755.[2]

I would reverse the conviction and remand with instructions to grant a new trial.

---

2. The instructions were not challenged at trial nor in the direct appeal. A question of waiver may therefore seem to be present. *See Lynn v. State* (1978) 268 Ind. 632, 377 N.E.2d 1357; *see also Reid v. State* (1988) Ind., 529 N.E.2d 1309. Our Supreme Court's unequivocal holding in *Abdul–Wadood v. State* (1988) Ind., 521 N.E.2d 1299, that a virtually identical instruction constituted fundamental error, mandates reversal rather than a holding by this court that Terry waived the error. *See also State v. Lewis* (1989) Ind., 543 N.E.2d 1116, in which our Supreme Court despite a holding adverse to defendant upon an issue in a direct appeal declined to utilize the discretionary "law of the case doctrine" and reversed because the law had changed in the interim.