Rosieanna J. **FACESON**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9306–CR–233.

Court of Appeals of Indiana,
Fifth District.

Nov. 17, 1994.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

Rosieanna J. Faceson appeals her convictions of conspiracy to commit dealing in cocaine, a Class A felony, dealing in cocaine, a Class A felony and possession of cocaine, a Class C felony. Because we reverse and remand for a new trial, we only discuss the issue whether the trial court erred when it responded, outside the defendant's presence, to a note from the jury during deliberations.

During jury deliberations, the jury sent a note to the trial court with the following questions:

What is the definition of dealing?

(as relates to cocaine)

What is the definition of intent?

(as relates to cocaine)

May we have a legal dictionary?

Why is the possession a Class C and the other two Class D?

Are delivery and dealing one in the same?

R. 92. The trial court provided the following written responses:

1) The only definition of dealing cocaine which you need to consider is possession of cocaine with the intent to deliver it.

2) Intent is the conscious objective to engage in certain conduct.

3) No. Sorry.

4) Possession of more the [sic] (3) grams of cocaine is a Class C felony. You do not have a count charging a Class D felony. If you refer to the other two counts, they charge Class A felonies. The legislature regarded prohibited activity as more serious.

5) Delivery is one type of dealing. See answer number one (1).

R. 92. There is no indication in the record that upon receiving the jury's inquiry the trial court called the parties into open court to discuss the questions and the court's responses, that Faceson was present when the court communicated to the jury, or that Faceson was aware that the jury had made inquiries.

■ When jurors request additional guidance from the court during deliberations, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with the jury, and the parties should be informed of the proposed response to the jury. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1198, *reh'g denied.* An inference of prejudice arises from an *ex parte* communication. *Id.* The inference of prejudice is rebutted by a showing that the trial court merely responded to the jury by denying its request, *id.* at 1199; *Averhart v. State* (1984), Ind., 470 N.E.2d 666, 690, *cert. denied* 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 323 (1985), or by showing that the trial court merely reread the jury instructions in their entirety, *Mullins v. State* (1988), Ind., 523 N.E.2d 419, 423. Harmless error has also been found where the trial court's response to the jury that the jury could make a sentencing recommendation and that the jury could write its own verdict based on the instructions did not go to the merits of the case or the manner in which the merits were determined. *Stanley v. State* (1987), Ind., 515 N.E.2d 1117. However, providing the jury with less than the entire body of written instructions constitutes reversible error. *Wallace v. State* (1981), Ind., 426 N.E.2d 34; *Jewell v. State* (1993), Ind.App., 624 N.E.2d 38, 44.

In *Wallace,* during deliberations the jury wanted to know what "competency of witness" and "reasonable doubt" meant. The trial court gave the jury an additional written instruction that witnesses who testified are presumed competent, but that their credibility is a matter for the jury to determine. Our supreme court reversed the conviction and remanded for a new trial because the trial court impermissibly gave the jury additional

instructions during deliberations. The trial court should have merely reread all of the final instructions without further comment. 426 N.E.2d at 36. "[T]he giving of a special instruction on a particular issue tends to emphasize that issue as being of primary importance. It also tends to tell the jury what it ought to do with respect to that issue. A trial court may not give the jury directions through its instructions." *Id.*

■ Here, we have a similar situation. Faceson acknowledges that reversible error is not presented by the trial court's response that it could not provide a legal dictionary. However, the trial court did give the jury additional instructions on the definitions of "dealing," "intent," "delivery," and "possession" as a Class C felony. Additionally, the trial court explained to the jury why some offenses are Class C felonies and others are Class A felonies. These further instructions went to the merits of the case and constitute reversible error.

REVERSED AND REMANDED.

RATLIFF, Senior Judge and RUCKER, J., concur.