Johnny MITCHELL, Appellant,

v.

Donald WYRICK, Appellee.

No. 83–2096.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 9, 1984.

Decided Feb. 17, 1984.

John Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Alan J. Agathen, Clayton, Mo., for appellant.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Johnny Mitchell appeals from a final order of the District Court[1] for the Eastern District of Missouri dismissing his petition for habeas corpus pursuant to 28 U.S.C. § 2254. For reversal appellant argues that the district court erred in holding that (1) he failed to exhaust available state remedies and (2) his claim of ineffective assistance of counsel during state postconviction remedy proceedings was not cognizable under § 2254. For the reasons discussed below, we affirm.

Appellant was convicted of two counts of capital murder in Missouri state court and sentenced to two consecutive life sentences without possibility of parole for fifty years. The Missouri Supreme Court affirmed the convictions on appeal. *State v. Mitchell,* 611 S.W.2d 223 (Mo.1981) (en banc). Appellant then filed a motion for postconviction relief under Mo.R.Crim.P. 27.26 alleging that the public defender appointed to represent him at trial was ineffective in failing to impeach an important state witness, Michael Cooper. The circuit court appointed Gary Robbins, Public Defender for the 34th Judicial Circuit, to represent appellant on his Rule 27.26 motion.

At the beginning of the Rule 27.26 evidentiary hearing, Robbins requested leave to withdraw as appellant's counsel because of a conflict of interest. Robbins explained that he was trial counsel for Willie Turner, who was charged with committing the same murders as appellant but was tried in a separate proceeding. Robbins' position at trial and in subsequent proceedings was that appellant alone had committed the murders based on the testimony of Michael Cooper. Robbins reasoned that he could not properly continue to argue Turner's innocence on the basis that Cooper was telling the truth and simultaneously argue that appellant's trial counsel was ineffective in failing to establish that Cooper was lying. The circuit court denied Robbins' request to withdraw. After receiving testimony on appellant's claim, the circuit court found that appellant was not denied effective assistance of counsel at trial.

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

Robbins filed a notice of appeal on appellant's behalf and withdrew from the case because appellant had retained counsel on appeal. The Missouri Court of Appeals eventually dismissed the appeal for failure to prosecute. Appellant then filed the instant habeas corpus petition claiming that Robbins' conflict of interest denied him effective assistance of counsel at his Rule 27.26 hearing.

 Habeas corpus is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, § 2254 gives federal courts jurisdiction to determine the constitutionality of a state criminal conviction, but does not authorize review of state postconviction relief proceedings. "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself . . . ." *Williams v. Missouri,* 640 F.2d 140, 144 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Moreover, because state postconviction proceedings are civil in nature, the sixth amendment right to effective assistance of counsel does not attach. *Id.; Noble v. Sigler,* 351 F.2d 673, 678 (8th Cir.1965), *cert. denied,* 385 U.S. 853, 87 S.Ct. 98, 17 L.Ed.2d 81 (1966). Therefore, appellant's claim that he was denied effective assistance of counsel at his Rule 27.26 hearing is not cognizable under § 2254.

Accordingly, the judgment of the district court is affirmed.[2] *See* 8th Cir.R. 12(a).

---

2. Because of our disposition of this case, it is not necessary to determine whether appellant

exhausted his available state remedies.