Michael D. BRUNER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1285S529.

Supreme Court of Indiana.

July 28, 1987.

Rehearing Denied Sept. 24, 1987.

Susan K. Carpenter, Public Defender, Kathryn L. Kelley, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Petitioner, Michael Bruner, appeals from the denial of his petition for post-conviction relief. On July 23, 1982, he entered a voluntary plea of guilty to Robbery While Armed with a Deadly Weapon Resulting in Bodily Injury, a class A felony, and Robbery While Armed with a Deadly Weapon, a class B felony. At the guilty plea hearing, the trial court failed to advise him, pursuant to Ind.Code § 35–4.1–1–3(d) [now Ind.Code § 35–35–1–2], about the possibility of an increased sentence by reason of prior convictions. In accordance with the negotiated plea agreement, he was sentenced to serve concurrent terms of thirty (30) and ten (10) years.

Defendant raised this omission in his petition for post-conviction relief. The State responded by asserting affirmative defenses of laches and equitable estoppel. The post-conviction trial court found equitable estoppel and denied defendant's PCR petition. In this appeal, defendant contends that the finding of equitable estoppel is not supported by sufficient evidence, and that the omitted advisement requires our determination that his guilty plea was not entered voluntarily, knowingly, and intelligently.

When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached

by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70; *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

In accordance with *White v. State* (1986), Ind., 497 N.E.2d 893, the petitioner must prove by a preponderance of evidence at the post-conviction hearing that the trial court's failure to make a full inquiry in accordance with Ind.Code § 35–4.1–1–3 rendered petitioner's plea decision involuntary and unintelligent. In determining whether the petitioner's knowledge was prejudiced by the omission of a statutory advisement, we may consider all evidence presented at the post-conviction hearing, including transcript of the sentencing hearing, contents of any plea agreement, and any further evidence at the post-conviction hearing. *Id.* Where it is shown that the petitioner lacked knowledge of a matter which would have been provided by an omitted plea advisement, he must prove that such knowledge would have changed his decision to plea.

■ In the instant case, the only evidence offered at the post-conviction hearing was the guilty plea and sentencing transcripts. The record is devoid of any indication that knowledge of the omitted advisement would have in any way affected his decision to plea. Petitioner has failed to carry his burden by showing the claimed error rendered his plea decision involuntary or unintelligent.

Because we determine that the omitted advisement has not been shown to render the guilty plea improper, it is not necessary to address the equitable estoppel issue raised by petitioner.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.