**Lonnie WICKLIFFE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–8605–PC–452.

Supreme Court of Indiana.

June 9, 1988.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following a jury trial, petitioner Lonnie Wickliffe was originally convicted of first degree murder and sentenced to life imprisonment. This Court affirmed that conviction on direct appeal. *Wickliffe v. State* (1981), Ind., 424 N.E.2d 1007. In this appeal from the trial court's denial of his petition for post-conviction relief, petitioner raises three issues, restated as follows: 1) effective assistance of trial counsel; 2) waiver of issues concerning alleged prosecutorial and judicial misconduct; and 3) effective assistance of appellate counsel.

When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court. *Bruner v. State* (1987), Ind., 510 N.E.2d 666.

*Effective Assistance of Trial Counsel*

Petitioner generally alleges ineffective assistance of trial counsel. In its findings of fact and conclusions of law, the post-conviction trial court found both that petitioner did not receive ineffective assistance of trial counsel and that petitioner waived the issue of incompetence of his trial attorney by failing to raise it in his direct appeal.

Reversal for ineffective assistance of counsel is appropriate in cases where a defendant shows both deficient

performance by counsel and resulting prejudice from errors of counsel so serious as to deprive the defendant of a trial whose result is reliable. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. A claim of ineffective assistance must identify the claimed errors of counsel so that the court may determine whether, in light of all circumstances, counsel's actions were outside the range of professionally competent assistance. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Strickland, supra; Burr v. State* (1986), Ind., 492 N.E.2d 306.

■ In his first enumerated argument, petitioner urges ineffective assistance of trial counsel concerning the chain of custody of his tape recorded statement to police. Although his argument is difficult to discern, it appears petitioner contends that after his trial counsel learned the tapes had been taken to a radio station and copied during trial, trial counsel should have contacted an expert witness in the field of audio and video taping production to determine whether the original tapes had been tampered with, and whether the retranscribed tapes were accurate. Petitioner's argument is insufficient to overcome the strong presumption of competence accorded counsel. Our review of the record reveals the original trial court permitted petitioner's trial counsel to view both the original tapes and the copies. Counsel's tactical decision not to contact an expert witness to assist in that review during the middle of petitioner's murder trial cannot be deemed ineffective assistance of counsel.

Petitioner next argues trial counsel was deficient in not objecting to evidence concerning petitioner's questioning by police because the questioning was allegedly conducted without benefit of *Miranda* warnings. To the contrary, the record reveals that petitioner was given the proper warnings. Petitioner has thus failed to show counsel was ineffective in this regard.

Petitioner next alleges that his trial counsel was ineffective for agreeing to a continuance concerning a pre-trial hearing, and for asserting petitioner's speedy trial right in Marion County Municipal Court rather than Marion County Criminal Court. The record hints that trial counsel agreed to the continuance in order to file briefs in support of various motions before the trial court. Clearly, this was a question of trial tactics which does not rise to the level of ineffective representation. Trial counsel's decision to originally file petitioner's motion for early trial in Municipal Court rather than Criminal Court also represents a tactical decision. *See State ex rel Wickliffe v. Judge of the Criminal Court of Marion County* (1975), 263 Ind. 219, 328 N.E.2d 420. No ineffective representation has been shown.

Petitioner also asserts that trial counsel was ineffective in failing to object to the admission of certain adoptive admissions. Our review of the record reveals that trial counsel objected to the admission of petitioner's adoptive admissions. The trial court held a hearing concerning the objection outside the presence of the jury, but ruled the evidence admissible. This Court affirmed that ruling on appeal. *Wickliffe*, 424 N.E.2d at 1009. Petitioner has again failed to show trial counsel was ineffective.

Petitioner next argues that in addition to attempts to suppress evidence by filing motions to suppress prior to trial and properly objecting at trial, trial counsel also should have filed motions *in limine*. We cannot agree with petitioner's contention that trial counsel's tactical decision not to file motions *in limine*, in addition to the other steps taken, rises to the level of ineffective assistance.

Conceding his co-defendant's protection under the Fifth Amendment, petitioner nonetheless contends that trial counsel should have subpoenaed the co-defendant

to testify concerning inculpatory statements made by the co-defendant which petitioner adoptively admitted. This too was a question of trial tactics which does not rise to the level of ineffective assistance.

Petitioner broadly argues his trial counsel was not adequately prepared for trial but fails to specify sufficient inadequacies or to show how he was prejudiced thereby. No ineffective assistance is thus shown.

As his last argument to demonstrate ineffectiveness of trial counsel, petitioner correctly notes the failure to timely file a motion to correct errors after petitioner informed the trial court at sentencing that he did wish to appeal his conviction. However, the trial court later granted petitioner permission to file a belated motion to correct errors. Thus, while petitioner may have shown trial counsel's error in not timely filing the motion to correct errors, no showing of prejudice has been made.

Petitioner has not shown this Court that the evidence is without conflict and leads to a conclusion opposite that reached by the post-conviction trial court concerning the issue of effective assistance of trial counsel.

### Waiver

■ In its findings of fact and conclusions of law, the post-conviction trial court found that petitioner waived the issues of prosecutorial and judicial misconduct by failing to include it in his direct appeal. Petitioner urges reversal of the judgment of post-conviction trial court based upon *Smith v. State* (1984), Ind., 459 N.E.2d 355, 357, where we stated that we would review an issue not properly raised and preserved only "when the record reveals blatant violations of basic and elementary principles, and the harm or the potential for harm cannot be denied." Unlike *Smith*, the instant case does not require reversal. The post-conviction trial court here correctly concluded that petitioner waived any issues concerning alleged prosecutorial or judicial misconduct.

■ Even were we not to agree with the post-conviction trial court's waiver analysis, the arguments raised by petition-er would not require reversal. In his first enumerated argument under this issue, petitioner argues the reliability of the jury's verdict may have been impinged when the prosecutor referred to a previously hung jury. Trial counsel immediately objected, asked that the reference be stricken, and requested that the prosecutor be admonished. The trial court sustained the objection and instructed the jury to disregard the prosecutor's remark. No motion for mistrial was made, nor would one have been granted for the prosecutor's reference was not one that was so prejudicial as to have placed petitioner in a position of grave peril to which he should not have been subjected. *Edwards v. State* (1984), Ind., 466 N.E.2d 452. In view of trial counsel's prompt action, and the trial court's correct response thereto, we cannot say the prosecutor's remark impinged the reliability of the jury's verdict.

■ Next, petitioner argues that the prosecutor committed misconduct regarding the tapes of petitioner's statement to police. Petitioner claims some question is created because the tapes allegedly were not placed in evidence until petitioner's second trial, and the chain of custody prior to that point was undetermined. Other than the period of time during which the tapes were copied, petitioner presents no proof of these allegations. Our review of the record reveals no further evidence in support of petitioner's position.

■ Petitioner also claims judicial misconduct by the trial court judge in allowing into evidence testimony regarding adoptive admissions made by petitioner. This argument is clearly without merit in light of this Court's prior decision upholding the admission of petitioner's adoptive admissions. *Wickliffe, supra.*

### Ineffectiveness of Appellate Counsel

■ As his third issue, petitioner generally alleges ineffective assistance of appellate counsel. In its findings of fact and conclusions of law, the post-conviction trial court found that "[p]etitioner's appellate attorney was competent, and his services

did not represent ineffective assistance of counsel." This Court applies the same standard of review for ineffective assistance of counsel claims at both the trial and appellate levels. *Williams v. State* (1986), Ind., 487 N.E.2d 441.

Petitioner first alleges appellate counsel was ineffective in not preserving on appeal the issue of suppressing the testimony of Officer Patton. Petitioner does not explain his contention that this testimony was suppressible, nor does he show how he was prejudiced by appellate counsel's failure to argue this issue on appeal.

Petitioner next argues appellate counsel failed to preserve the issue of "a witness' conversation which was the subject of a motion to suppress." In its brief, the State replies that it "is frankly entirely unable to determine what this complaint is in reference to." We must agree with the State. Petitioner's failure to present cogent argument concerning this issue operates as a waiver. *Daniels v. State* (1987), Ind., 515 N.E.2d 530.

Petitioner also contends that appellate counsel failed to preserve the issue of suppressing petitioner's allegedly non-*Mirandized* statement to police. Petitioner received proper *Miranda* warnings; thus, there was no issue for appellate counsel to preserve.

Next, petitioner argues that appellate counsel was ineffective by failing to preserve the issue of the impeachment of a witness. The witness' trial testimony changed from his earlier grand jury testimony, and this discrepancy was brought to the jury's attention by petitioner's trial counsel. Petitioner has not chosen to enlighten this Court as to exactly what he would have had appellate counsel argue concerning this issue on appeal.

Petitioner further urges that he was denied effective assistance of appellate counsel under the totality of the circumstances and that appellate counsel was deficient in failing to cite authority in support of appellate counsel's argument "that the totality of the circumstances of this case amounted to a denial of fundamental fairness and due process of law." *Wickliffe*, 424 N.E.2d at

1010. This Court held such argument waived on direct appeal for failure to cite authority in support thereof. *Id.* Appellate counsel Nile Stanton testified at petitioner's post-conviction hearing and explained that he was unable to locate any authority in support of the "totality of the circumstances" argument. Petitioner does not demonstrate this to be erroneous.

Petitioner's last allegation of ineffective assistance of appellate counsel concerns eight claimed errors included in the brief prepared by appellate counsel in petitioner's direct appeal, but not included in the belated motion to correct errors. We previously held the alleged errors thereby waived. *Id.* At petitioner's post-conviction hearing, Stanton explained that he had not included the alleged errors in the belated motion to correct errors because he felt either the issues had not been properly preserved, or they did not rise to the level of reversible error. The issues were allegedly included by Stanton merely as support for the "totality of the circumstances" argument. Appellate counsel's tactical decision does not rise to the level of ineffective assistance, nor is there resulting harm.

We conclude that the evidence before the post-conviction trial court does not necessarily lead to a conclusion opposite its judgment. Therefore, the judgment of the post-conviction trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.