Lonnie WICKLIFFE, Petitioner,

v.

Robert FARLEY, and Indiana Attorney General, Respondents.

Civ. No. S92–324(S).

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 10, 1992.

Lonnie Wickliffe, pro se.

John T. Roy, Indianapolis, IN, for respondents.

MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

## I. INTRODUCTION

On May 28, 1992, *pro se* petitioner, Lonnie Wickliffe, also known as Mutee El–

Amin, an inmate at the Indiana State Prison, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on August 27, 1992, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The petitioner has also filed a "Petitioner' Motion for Summary Affirmance, for Acceptance of This Motion *In Lieu* of a Brief In Opposition to Respondent Return" on September 3, 1992, a "Motion for Certificate Pursuant to § 1292(b) *AS PER.*, Certification" on September 3, 1992, a "Motion for Amendment of Pleadings to Show Jurisdiction and Consolidation of Cases Due to Recent Decision, Determination; Certification *AS PER.*, § 1292(b)" on September 10, 1992, a "Petition for Certification, Scope of Application *AS PER*, 28 U.S.C. § 1292(b)" on September 11, 1992, and a "Notice of Appeal, and Probable Cause with Certificate to Clerk and" on September 24, 1992. The petitioner states that "[t]his is an appeal from a judgment dismissing a Petition for a writ of habeas corpus," and apparently believes that the court's denial of his "verified petition to transfer, moves action, Supreme Court of Indiana *PRO*" on July 22, 1992 amounts to a dismissal of this action. The petitioner has not interpreted the posture of this case correctly. An appeal could not be considered until judgment has been entered on this cause.

## II. BACKGROUND

This petitioner was tried in the Marion Superior Court, Marion County, Indiana, and was sentenced by the Honorable John B. Wilson, then a Judge of that court, to life imprisonment for murder on October 17, 1975, as a result of a jury verdict. This case has been through a number of judicial processes. Even before the jury verdict, this petitioner filed an original action for a writ of mandate in the Supreme Court of Indiana as reflected in *State ex rel. Wickliffe v. Judge of Criminal Court*, 263 Ind.

219, 328 N.E.2d 420 (1975). After his conviction, the petitioner took a direct appeal to the Supreme Court of Indiana. *See Wickliffe v. State*, 424 N.E.2d 1007 (Ind. 1981) (*"Wickliffe I"*). In his first request for post-conviction relief, the matter was denied by the Honorable Patricia J. Gifford, Judge of the Superior Court of Marion County, Indiana. That denial was affirmed unanimously by the Supreme Court of Indiana in *Wickliffe v. State*, 523 N.E.2d 1385 (Ind.1988) (*"Wickliffe II"*).

A second petition for post-conviction relief was filed in the state trial court and the same was denied at the trial level. Said denial was affirmed by the Third District of the Court of Appeals of Indiana, speaking through Judge Staton in an unpublished memorandum opinion filed July 18, 1991, 576 N.E.2d 650. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein.

### III. ANALYSIS

In this proceeding, the petitioner asserts the following specifications or claims in order to justify a grant of a writ of habeas corpus under Title 28 U.S.C. § 2254. They are:

1. Ineffective assistance of trial counsel;

2. Ineffective assistance of appellate counsel;

3. Post-conviction court abuse of discretion;

4. Error by the Supreme Court of Indiana in denying petition for writ of mandamus;

5. Misconduct on behalf of the prosecutor and the state trial judge;

6. Violation of the Sixth Amendment right to confront witnesses;

7. Denial of equal protection and due process by circumstantial evidence;

8. Denial of full right of voir dire in trial.

### A. Ineffective Assistance of Trial Counsel

In the petitioner's argument pertaining to the ineffectiveness of counsel, he asserts ten alleged errors:

1. Counsel failed to properly file a motion for a speedy trial.

2. Counsel failed to object to adoptive admissions.

3. Counsel should have filed motions in limine in addition to motions to suppress.

4. Counsel failed to subpoena the co-defendant.

5. Counsel did not adequately prepare for trial.

6. Counsel did not file a motion to correct errors.

7. Counsel did not adequately object to the claim of custody of a tape recorded statement.

8. Counsel failed to object to statements which were inadmissible because of a failure to advise Petitioner of his *Miranda* rights.

9. Counsel waived right to speedy trial.

10. Counsel failed to subpoena important witnesses.

On the issue of ineffectiveness of counsel, the Seventh Circuit in *United States v. Grizales*, 859 F.2d 442 (7th Cir.1988), indicated:

> The Supreme Court has instructed that in evaluating the performance of a trial attorney we are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* [*v. Washington*], 466 U.S. [668] at 689, 104 S.Ct. [2052] at 2054 [80 L.Ed.2d 674]. Appellant "has a heavy burden in proving a claim of ineffectiveness of counsel." *Jarrett v. United States*, 822 F.2d 1438, 1441 (7th Cir.1987) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). The Supreme Court has further cautioned appellate courts to resist the temptation to "second-guess" the actions of trial counsel after conviction. *Id.* It is clear that the performance of trial counsel should not be deemed constitutionally

deficient merely because of a tactical decision made at trial that in hindsight appears not to have been the wisest choice. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *United States v. Kennedy,* 797 F.2d 540, 543 (7th Cir.1986).

*See also Fagan v. Washington,* 942 F.2d 1155 (7th Cir.1991); *D.S.A. v. Circuit Court Branch 1,* 942 F.2d 1143 (7th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1196, 117 L.Ed.2d 436 (1992); *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128 (7th Cir.1990); *Page v. United States,* 884 F.2d 300 (7th Cir.1989); *United States v. Adamo,* 882 F.2d 1218 (7th Cir. 1989); *United States ex rel. Thomas v. O'Leary,* 856 F.2d 1011 (7th Cir.1988); *Buelow v. Dickey,* 847 F.2d 420 (7th Cir. 1988), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989); *United States v. Queen,* 847 F.2d 346 (7th Cir. 1988); *United States v. Gerrity,* 804 F.2d 1330 (7th Cir.1986); *United States v. Liefer,* 778 F.2d 1236 (7th Cir.1985); *Clark v. Duckworth,* 770 F.Supp. 1316 (N.D.Ind. 1991).

█ In light of the aforementioned cases, the specific test in an ineffective assistance of counsel claim mandates a two part evaluation. The petitioner must illustrate that counsel's performance fell below an objective standard of reasonableness. First, the petitioner must specify the particular acts or omissions precipitating the respective claim. To evaluate the performance, the *Strickland* court explained that a court "must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. After specifying the particular acts or omissions, the petitioner must then explain how counsel's failure to meet a reasonableness standard of performance caused actual prejudice to the petitioner's case. *See Sullivan v. Fairman,* 819 F.2d 1382, 1390 (7th Cir.1987). In demonstrating the requisite prejudice, the petitioner must illustrate that there is a reasonable probability that the result of the proceeding would have been different without the alleged unprofessional error of counsel. If petitioner can not make this showing, the court need not determine whether the attorney's performance was in fact deficient. *See United States v. Slaughter,* 900 F.2d 1119, 1124–25 (7th Cir.1990).[1]

Several of the petitioner's assertions are not supported by the record and can be dismissed by a factual assessment of the record. Petitioner's claims enumerated at numbers two, seven, and eight are incongruent with the facts in the record. Specifically, with regard to adoptive admissions, counsel apparently made the requisite objection whereupon a hearing was held outside the presence of the jury. Additionally, when counsel's objection was overruled, he made a continuing objection to this line of testimony to preserve the record. On the chain of custody issue, counsel objected and after viewing the tapes, he was certain of their authenticity and accuracy. Finally,

---

1. This court notes that the petitioner's above-mentioned claims deal with ineffective assistance of counsel under the Sixth Amendment of the United States Constitution. State court factual findings made in the course of deciding an ineffectiveness claim are subject to the presumption of correctness standard of 28 U.S.C. § 2254(d). *Galowski v. Murphy,* 891 F.2d 629, 635 (7th Cir.1989), *cert. denied,* 495 U.S. 921, 110 S.Ct. 1953, 109 L.Ed.2d 315 (1990). Section 2254(d) provides that "a determination after a hearing on the merits of a factual issue, made by a state court of competent jurisdiction ... shall be presumed to be correct" unless "the merits of the factual dispute were not resolved in the state court hearing." Therefore, under section 2254(d), the court must defer to the state court's findings regarding the underlying facts of who did what to whom, when, where, and why. *Weidner v. Thieret,* 866 F.2d 958, 961 (7th Cir.1989).

On the other hand, a state court's findings that counsel performed adequately and that any shortcomings in his representation did not prejudice the defendant's case are not findings of fact under section 2254(d), but are instead mixed questions of law and fact subject to independent review. *Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Balfour v. Haws,* 892 F.2d 556, 563 (7th Cir.1989). The court has therefore made an independent examination of the state court record in order to determine whether counsel rendered effective assistance. *See Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985).

with regard to the *Miranda* issue, counsel objected and the trial judge found that the petitioner knowingly and voluntarily waived his rights.

■ Petitioner's enumerated assertions at four, five, and ten concern the calling of certain witnesses. For example, among the complaints of the deficiencies of this petitioner's trial counsel are the failure to subpoena a co-defendant, namely Edmund Powell. It is highly doubtful that having Edmund Powell testify would have enured to the benefit of this petitioner in his trial, and certainly that is a strategic decision that should not be gainsaid here. The Court of Appeals in this circuit has clearly established; a defendant, once convicted, claiming ineffective assistance of counsel because his lawyer did not call a certain witness, has some burden to establish that that witness would have in some way changed the outcome of the trial. Specifically, in order for counsel's failure to call witnesses to equate with an inference of ineffective representation, the petitioner must illustrate that the witness would have provided exculpatory testimony. *United States v. Muehlbauer*, 892 F.2d 664, 669 (7th Cir.1990). Furthermore, as indicated in *United States ex rel. Partee v. Lane*, 926 F.2d 694 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1230, 117 L.Ed.2d 464 (1992), the Seventh Circuit explained that in illustrating the exculpatory testimony, the petitioner must first indicate the contents of the witness's testimony and demonstrate its admissibility in court; and then explain how the testimony would have produced a different result. There is no such showing here.

Finally, while petitioner's claims enumerated at one, three, six, and nine may be cogent for purposes of the first part of the *Strickland* test, there is certainly no showing of prejudice. It is axiomatic that the petitioner must not only explain how coun-

sel's failure to meet a reasonableness standard of performance caused actual prejudice to the petitioner's case. In demonstrating the requisite prejudice, the petitioner must illustrate that there is a reasonable probability that the result of the proceeding would have been different without the alleged unprofessional error of counsel. If petitioner can not make this showing, the court need not determine whether the attorney's performance was in fact deficient. Again, there is no explanation of prejudice here.

**B. Ineffective Assistance of Appellate Counsel**

Next, the petitioner asserts the argument that his Sixth Amendment right to effective assistance of appellate counsel has been violated.[2] Again, in asserting this claim, the petitioner lists a litany of allegations:

1. Appellate counsel failed to preserve the issue of the suppression of testimony from Officer Patton.

2. Appellate counsel failed to preserve the issue of a witness conversation that was the subject of a motion to suppress.

3. Appellate counsel failed to raise the issue of certain statements being inadmissible because of a failure to give *Miranda* warnings.

4. Appellate counsel failed to argue that a witness was impeached with a prior inconsistent statement.

5. Appellate counsel failed to cite authority for this "totality of the circumstances" argument.

6. Appellate counsel listed eight errors in the "totality of the circumstances" argument that had not been raised in the motion to correct errors, thus waiving these arguments.

---

2. At page five, Part II, Judge Staton examined the ineffective assistance of counsel issue as it pertains to post-conviction counsel. However, the Supreme Court of the United States in *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and the Court of Appeals in this circuit in *Morrison v. Duckworth,* 898

F.2d 1298, 1301 (7th Cir.1990), has clearly announced that the ineffective assistance of counsel standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), do not apply to counsel in post-conviction proceedings.

In *Gray v. Greer*, 800 F.2d 644 (7th Cir.1985), the Seventh Circuit, speaking through Judge Flaum, outlined the parameters for the consideration of the aforementioned claim:

> The *Strickland* standard envisions a two-prong analysis. First, counsel's performance must have been deficient, and second, the deficiency must have prejudiced the defense. *Id.* Has appellate counsel failed to raise a significant and obvious issue, the failure could be viewed as deficient performance. If an issue which was not raised may have resulted in a reversal of the conviction, or an order for a new trial, the failure was prejudicial. Were it legitimate to dismiss a claim of ineffective assistance of counsel on appeal solely because we *found* it improper to review appellate counsel's choice of issues, the right to effective assistance of counsel would be worthless. When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

*Id.* at 646.

The petitioner's first allegation is that his appellate counsel failed to preserve the issue of suppressing the testimony of Officer Patton. Insofar as the petitioner has not specified the particular testimony at issue, this court notes that petitioner's trial counsel made a total of four objections during Officer Patton's testimony. The objections were all sustained and petitioner claims that it was error for his appellate counsel to fail to raise this issue. Here, it is very clear that this issue does not constitute an actionable error nor does in appear to be prejudicial.

■ Next, the petitioner claims that appellate counsel failed to preserve on appeal an issue regarding a "witness' conversation which was the subject of a motion to suppress." *Wickliffe II,* 523 N.E.2d at 1389. Insofar as this issue was not properly presented, the Indiana Supreme Court held that "[p]etitioner's failure to present cogent argument concerning this issue operates as a waiver." *Id.* The failure to present this issue to the Indiana Supreme Court is tantamount to a procedural default.

■ Additionally, the petitioner asserts that certain statements were obtained without a *Miranda* warning and that his appellate counsel did not raise this issue on appeal, and in so doing, violated the provisions of *Strickland, supra.* On this issue, the Indiana Supreme Court indicated that the petitioner had received the proper *Miranda* warnings. In his testimony in the record, Officer Patton indicated that he issued the proper warnings to the petitioner. The aforementioned factual findings are entitled to a presumption of correctness and there is no viable ineffective assistance of counsel allegation here.

The petitioner also asserts that his appellate counsel failed to raise an argument stemming from the impeachment of a witness by a prior inconsistent statement. The Indiana Supreme Court indicated that "[t]he witness' trial testimony changed from his earlier grand jury testimony, and this discrepancy was brought to the jury's attention by petitioner's trial counsel." *Wickliffe II,* 523 N.E.2d at 1389. Here, the petitioner fails to enunciate how this action equates to ineffectiveness.

■ The petitioner also asserts that it was error for his appellate counsel not to cite any authority for the allegation on appeal that under the totality of the circumstances, the petitioner's trial was fundamentally unfair and a violation of due process. On this issue, the Indiana Supreme Court explained that:

> Appellant's fifth issue alleges that the totality of the circumstances of this case amounted to a denial of fundamental fairness and due process of law. Appellant has not cited any authority in sup-

port of this statement; thus, this issue on appeal has been waived.

*Wickliffe I,* 424 N.E.2d at 1010. Therefore, for purposes of habeas corpus, the petitioner waived this assertion. Accordingly, this court holds that the aforementioned claim is procedurally defaulted.

Finally, the petitioner asserts an argument that his appellate counsel was ineffective based on the "totality of the circumstances" and makes reference to *U.S. v. Muehlbauer,* 892 F.2d 664, 668 (7th Cir. 1990). This assertion does not comport with the facts. The record reveals that the petitioner's appellate counsel obtained the trial transcript, reviewed the record, and asserted those allegations of error that he believed to be most credible. This logic is equally compelling with regard to petitioner's argument based on the assertion that appellate counsel disregarded certain errors listed in the brief, but not in the motion to correct errors. *See Wickliffe II,* 523 N.E.2d at 1389.

In all of the aforementioned issues, the petitioner has not illustrated that his appellate counsel's efforts fell below an objective standard. The court also notes that the petitioner fails to allege any resulting prejudice in several of the allegations. Therefore, the petitioner has failed to establish a denial of his Sixth Amendment.

## C. Post-conviction Court Abuse of Discretion

The petitioner argues that it was error for the post-conviction court not to take judicial notice of pleadings submitted after the hearing. The petitioner asserts that the documents were submitted for purposes of Indiana Rules of Procedure, Trial Rule 52. This rule allows a trial court to re-open a case and hear additional evidence without granting an entirely new trial. Specifically, the petitioner submitted numerous psychological records, motions, letters, a decision from the Department of Health, Education, and Welfare, affidavits, memoranda of law, an unsigned order, and

proposed findings in the form of a motion to correct errors.

In *United States ex rel. Correa v. O'Leary,* No. 87 C 4247, 1988 WL 10732, 1988 U.S.Dist. LEXIS 1108 (N.D.Ill.1988), Judge Plunkett explained this issue very succinctly:

[I]nfirmities in a state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. *Noble v. Sigler,* 351 F.2d 673, 678 (8th Cir.1965), *cert. denied,* 385 U.S. 853 [87 S.Ct. 98, 17 L.Ed.2d 81] (1966). There is no federal constitutional requirement that a state provide a means of post-conviction review of state convictions. *Williams v. State of Missouri,* 640 F.2d 140 (8th Cir.), *cert. denied,* 451 U.S. 990 [101 S.Ct. 2328, 68 L.Ed.2d 849] (1981).

Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings.... Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself, which we have found to be lawful. *Id.* at 143–44. We agree with this statement of law and it is dispositive of [petitioner's] final claim of error. *Accord Millard v. Lynaugh,* 810 F.2d 1403, 1410 (5th Cir.1987); *Kirby v. Dutton,* 794 F.2d 245 (6th Cir.1986); *Vail v. Procunier,* 747 F.2d 277 (5th Cir.1984); *Bradshaw v. Oklahoma,* 398 F.Supp. 838 (E.D.Okla.1975); *Stokely v. Maryland,* 301 F.Supp. 653 (D.Md.1969). *But see Dickerson v. Walsh,* 750 F.2d 150 (1st Cir.1984).

*Id.*

■ Although the Seventh Circuit has not directly addressed this issue, a number of other circuits have evaluated this issue.[3]

---

**3.** For example, the Eighth Circuit Court of Appeals in *Mitchell v. Wyrick,* 727 F.2d 773 (8th

Cir.), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984) explained:

It is apparent that error in collateral state proceedings will not be the basis of habeas relief. Therefore, this court lacks jurisdiction under 28 U.S.C. § 2254 to hear complaints regarding the propriety of state postconviction relief proceedings.

### D. Error by the Supreme Court of Indiana in Denying Petition for Writ of Mandamus

■ The petitioner argues that the Indiana Supreme Court erred in denying his petition for writ of mandate against The Criminal Court of Marion County, Division 4, and the Judge thereof to compel his discharge. *See State ex rel. Wickliffe v. Judge of Criminal Court of Marion County, supra.* Specifically, the Indiana Supreme Court held that petitioner did not follow the proper procedure under Indiana Criminal Rule 4(B)(1) entitled "Defendant in jail—Motion for early trial." Essentially, the petitioner attempted to invoke this rule in the Municipal Court of Marion County and the Indiana Supreme Court indicated that this action was not within the criminal jurisdiction of that court. The petitioner was apparently seeking to warrant discharge for failure to bring him to trial within a specified time.

The relation of state law to the scope of relief available in a habeas action is pervasive. In *Coleman v. O'Leary,* 845 F.2d 696, 699–700 (7th Cir.1988), *cert. denied,* 488 U.S. 972, 109 S.Ct. 507, 102 L.Ed.2d 542 (1988), the Seventh Circuit, speaking through Judge Coffey, underscored the magnitude of recognizing the meaning of state law as explained by state courts:

A judgment of a state court on a question of state law 'conclusively estab-lishe[s]' the meaning of that law. *Bute v. Illinois,* 333 U.S. 640, 668, 68 S.Ct. 763, 778, 92 L.Ed. 986 (1948). '[I]t is for the [state] courts to say under its law

what duty or discretion the court may have had.... We are not at liberty to conjecture that the trial court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied. We cannot treat a mere error of state law, if one has occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.' *Gryger v. Burke,* 334 U.S. 728, 731, 68 S.Ct. 1256, 1257, 92 L.Ed. 1683 (1948). 'Whether state statutes shall be construed one way or another is a state question, the final decision of which rests with the states. The due process clause in the ·Fourteenth Amendment does not take up the statutes of the several States and make them the test of what it requires; nor does it enable this Court to revise the decisions of the state courts on questions of state law.' *Hebert v. Louisiana,* 272 U.S. 312, 316, 47 S.Ct. 103, 104, 71 L.Ed. 270 (1926). 'We are of course bound by a State's interpretation of its own statute and will not substitute our judgment for that of the State's when it becomes necessary to analyze the evidence for the purpose of whether that evidence supports the findings of a state court.' *Garner v. Louisiana,* 368 U.S. 157, 166, 82 S.Ct. 248, 253, 7 L.Ed.2d 207 (1961). 'We have no power to revise judgments on questions of state law.' *Henry v. Mississippi,* 379 U.S. 443, 447, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965).

*Id.* at 699–700 (quoting *Cole v. Young,* 817 F.2d 412, 429–30 (7th Cir.1987) (dissenting opinion).

Certainly, this court does not sit as a super appeals court from decisions of the

---

Habeas corpus is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, § 2254 gives federal courts jurisdiction to determine the constitutionality of a state criminal conviction, but does not authorize review of state postconviction review proceedings. "Even where there may be

some error in state postconviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention itself...." *Williams v. Missouri,* 640 F.2d 140, 144 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981).
*Mitchell,* 727 F.2d at 774.

Supreme Court of Indiana and as the afore-mentioned discussion indicates—federal courts do not sit to correct errors made by state courts in the interpretation and appli-cation of state law. This precept was re-cently underscored by the Supreme Court in *Estelle v. McGuire,* —— U.S. ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991):

> Such an inquiry, however, is no part of a federal court's habeas review of a state conviction. We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' *Lewis v. Jeffers,* 497 U.S. [764], [——], 110 S.Ct. 3092, 3102 [111 L.Ed.2d 606] (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 [104 S.Ct. 871, 875, 79 L.Ed.2d 29] (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habe-as review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 [96 S.Ct. 175, 177, 46 L.Ed.2d 162] (1975) (*per curiam*).

*Id.,* —— U.S. at ——, 112 S.Ct. at 480. Therefore, this court finds that this allega-tion fails state an actionable claim based on § 2254.

E. Misconduct on Behalf of the Prosecu-tor and the State Trial Judge

The petitioner and another, Powell, "were tried together for the crime in May, 1975, but that trial resulted in a hung jury, [and petitioner] was then tried separately from Powell, and his appeal stems from that trial and subsequent conviction." *Wickliffe I,* 424 N.E.2d at 1008. In this contention, the petitioner indicates that it was error for the prosecutor to make refer-ence to the aforementioned hung jury. The petitioner also alleges that certain tapes were not admitted until the second trial and were admitted in error based on the chain of custody utilized on the tapes. Finally, the petitioner asserts judicial mis-conduct for the admission into evidence of the testimony of Richard Carter and an adoptive admission.

■■■ The petitioner asserts that his due process right to a fair trial has been trans-gressed by prosecutorial misconduct. In order to assert this claim, the petitioner must illustrate that the prosecutor's state-ments "'so infected the trial with unfair-ness as to make the resulting conviction a denial of due process.'" *Darden v. Wain-wright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (quoting *Don-nelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)). In evaluating this unfairness, the Seventh Circuit in *United States v. Chaimson,* 760 F.2d 798 (7th Cir.1985), has indicated courts "are to consider the prosecutor's conduct not in insolation, but in the context of the trial as a whole, to determine if such con-duct was 'so inflammatory and prejudicial to the defendant ... as to deprive him of a fair trial.'" *Id.* at 809 (7th Cir.1985) (quot-ing *United States v. Zylstra,* 713 F.2d 1332, 1339 (7th Cir.), *cert. denied,* 464 U.S. 965, 104 S.Ct. 403, 78 L.Ed.2d 344 (1983). Here, petitioner's claim does not sufficient-ly comport with the precepts explained in the aforementioned caselaw.

■■■ More fundamental to the failure of the petitioner's claim and a pivotal issue in habeas claims is whether a petitioner is barred from pursuing the claim because of a procedural default. In *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the United States Supreme Court, speaking through Justice O'Connor explained that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of feder-al law, or demonstrate that failure to con-sider the claims will result in a fundamen-tal miscarriage of justice." *Id.,* —— U.S. at ——, 111 S.Ct. at 2565. Here, the Indiana Supreme Court specifically found that the petitioner had waived this issue and such action was the basis for the independent state action precluding federal habeas cor-pus review. Therefore, this court finds

that this allegation is procedurally defaulted.

## F. Violation of the Sixth Amendment Right to Confront Witnesses

Petitioner contends that the admission into evidence of certain adoptive admissions as exceptions to the hearsay rule violated his Sixth Amendment right to confrontation of witnesses. Essentially, petitioner asserts that several of the state's witnesses testified as to inculpatory statements made by a co-defendant. The trial court ruled that the statements were adoptive admissions and not hearsay. While the admissibility of evidence in a state criminal trial is generally a matter of state law, there are instances when an evidentiary ruling can violate a specific constitutional right. The petitioner adopted the admission of the co-defendant as his own, then the petitioner becomes the declarant and there is no confrontation issue.

In *U.S. v. Rollins*, 862 F.2d 1282 (7th Cir.1988), *cert. denied*, 490 U.S. 1074, 109 S.Ct. 2084, 104 L.Ed.2d 648 (1989), the Seventh Circuit considered the aforementioned issue:

> We agree with the District of Columbia Circuit that the principles of the confrontation clause should not nullify the well-established exception to the hearsay rule for adoptive admissions. *See United States v. Lemonakis*, 485 F.2d 941, 949 (D.C.Cir.1973), *cert. denied*, 415 U.S. 989 [94 S.Ct. 1586, 1587, 39 L.Ed.2d 885] (1974). Where, as here, a party manifests an intent to adopt another person's statements as his or her own, the need to cross-examine the absent informant under oath is not present and the confrontation clause is not violated. As a result, we cannot find that the admission of this evidence violated [the defendant's] sixth amendment right to confront the witnesses against him.

*Id.* Therefore, this court finds no violation of the Sixth Amendment right to confront witnesses.

## G. Denial of Equal Protection and Due Process by Circumstantial Evidence

The petitioner argues that his due process and equal protection rights were denied when he was convicted on the basis of circumstantial evidence without excluding every hypothesis of innocence. In so doing, the petitioner states that "it is well known and accepted fact of law that in order for a conviction to be based on entirely circumstantial evidence, the state has the burden of proving every hypothesis of innocence has been eliminated, and the conclusion to be drawn by the trier of fact can lead to but one conclusion."

Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated:

> A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791. The Supreme Court in *Jackson* held:

> We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satis-

**628**

fied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.

*Id.* (footnote omitted). *See also Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Dooley v. Duckworth,* 832 F.2d 445 (7th Cir.1987), *cert. denied,* 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 438 (1988); *United States ex rel. Haywood v. O'Leary,* 827 F.2d 52 (7th Cir.1987); *Bryan v. Warden, Indiana State Reformatory,* 820 F.2d 217 (7th Cir.1987), *cert. denied,* 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987); *Shepard v. Lane,* 818 F.2d 615 (7th Cir.), *cert. denied,* 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987); and *Perri v. Director, Department of Corrections,* 817 F.2d 448 (7th Cir.), *cert. denied,* 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987).

A review of the record in the light most favorable to the prosecution convinces the court that a rational trier of fact could readily have found the petitioner guilty beyond a reasonable doubt of the crime at issue here.

Following *Jackson, supra,* there is an increasingly long line of cases in this circuit that suggest that the facts found by the highest court of a state are presumed correct. The most recent statement of that principle is found in *Andersen v. Thieret,* 903 F.2d 526, 531 (7th Cir.1990). The Seventh Circuit in *Branion v. Gramly,* 855 F.2d 1256, 1266 (7th Cir.1988), speaking through Judge Easterbrook, addressed the issue of whether the evidence is sufficient to sustain the conviction:

The only appropriate inquiry for this court under *Jackson* is whether, assuming the jury resolved all disputes in the state's favor and drew all inferences from that evidence, it would have been rational to convict. Not whether we would convict, but whether thoughtful people would convict.

*Id.*

The Supreme Court revisited this issue in *Wright v. West,* —— U.S. ——, —— – ——, 112 S.Ct. 2482, 2493–93, 120 L.Ed.2d 225

(1992), and took the occasion to accentuate the parameters of this review:

In *Jackson,* we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutionally sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution," 443 U.S. at 319 [99 S.Ct. at 2789]; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," *Id.* at 326 [99 S.Ct. at 2793]; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolve any such conflicts in favor of the prosecution, and must defer to that resolution." ibid.

**H. Denial of Full Right of Voir Dire in Trial**

Finally, the petitioner contends that his Sixth Amendment right to a fair and impartial jury was violated when his trial counsel was given only twenty minutes to question the jury during voir dire. This contention is based on the mandates of the Sixth and Fourteenth Amendments providing a right to an impartial jury and the parameters and limitations imposed upon the trial judge's discretion to conduct voir dire.

In *Wickliffe I,* 424 N.E.2d at 1008, the court explained the voir dire procedure adhered to by the trial court:

The court conducted the first part of the jury selection by questioning the entire body of prospective jurors. The trial court then gave each side twenty minutes to examine the jurors seated in the jury box only. Any further voir dire examination would be by the trial court on its own or from questions submitted in writing by the attorneys.

*Id.* Under the Sixth Amendment, there is no absolute right of counsel to question jurors in the voir dire in a state criminal case. Here, there was no violation of established state procedure and the Sixth Amendment was not violated. *See U.S. v.*

*Guy*, 924 F.2d 702, 707 (7th Cir.1991) (for explanation of purposes behind voir dire).

After a careful review of the record in this case, this court finds that the petitioner is not entitled to any relief under 28 U.S.C. § 2254. Such petition is now DENIED. IT IS SO ORDERED.

## APPENDIX A

NOT FOR PUBLICATION

ATTORNEY FOR APPELLANT:

KRIS MELTZER

Bate, Harrold & Meltzer

505 S. Harrison Street

P.O. Box 477

Shelbyville, IN 46176-0477

ATTORNEYS FOR APPELLEE:

LINLEY E. PEARSON

Attorney General of Indiana

IAN A.T. McLEAN

Deputy Attorney General

219 State House

Indianapolis, IN 46204

In The

Court of Appeals of Indiana

Third District

LONNIE WICKLIFFE,

Appellant (Defendant Below),

v.

STATE OF INDIANA,

Appellee (Plaintiff Below).

No. 49A02–9001–PC–00061[1]

APPEAL FROM THE MARION SUPERIOR COURT

CRIMINAL DIVISION IV

The Honorable Patricia J. Gifford, Judge

Cause No. CR–74–362D

STATON, J.

1. This case was assigned to this office on May 17, 1991.

## MEMORANDUM DECISION

Filed July 18, 1991.

Lonnie Wickliffe appeals the denial of his petition for post-conviction relief, raising three issues for our review:

I. Whether the post-conviction court erred in failing to take judicial notice of documentary evidence submitted by Wickliffe after the hearing.

II. Whether the post-conviction court erred in failing to find that Wickliffe received ineffective assistance of trial and appellate counsel.

III. Whether the post-conviction court erred in failing to find that Wickliffe was not criminally responsible for his actions due to his mental condition at the time of the crime.

We affirm.

Wickliffe was convicted in 1975 of first-degree murder. His conviction was affirmed on direct appeal to our supreme court. *Wickliffe v. State* (1981), Ind., 424 N.E.2d 1007. A subsequent petition for post-conviction relief was denied and its denial affirmed by the supreme court. *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385. In this opinion on appeal from his second petition for post-conviction relief, we will refer only to those facts necessary for the disposition of the issues, as the facts have been set out at length in those earlier opinions.

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence, and the post-conviction court is the sole judge of the evidence and the credibility of the witnesses. Ind.Rules of Procedure, Post Conviction Rule 1, Section 5; *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1197, *reh'g denied*. Thus, to succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Grey, supra*.

The purpose of a petition for post-conviction relief is to raise issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Id.* Thus, post-conviction relief is not a "super-appeal" which allows the rehashing of prior proceedings regardless of the circumstances surrounding them. *Id.*

## I.

### *Petitioner's Evidence*

Wickliffe argues that the post-conviction court erred in failing to take judicial notice of various documents which he submitted in support of his petition both after the hearing but before the post-conviction court entered its findings of fact and conclusions of law and after the judge entered her findings and conclusions. He argues that the documents were submitted pursuant to Indiana Rules of Procedure, Trial Rule 52.

A post-conviction proceeding under Post Conviction Rule 1 is a quasi-civil remedy in which the rules and statutes applicable in civil proceedings are generally available. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294; P.C.R. 1, § 5. The parties agree that Trial Rule 52 is applicable to post-conviction proceedings.

Under Trial Rule 52, a trial court may reopen a case and hear additional evidence without granting an entirely new trial. *Cansler v. State* (1972), 258 Ind. 450, 281 N.E.2d 881, 883. Wickliffe appears to argue that the trial court's findings were incorrect as they did not evidence a consideration of the documents filed with his petition. On appeal we will not set aside the findings or judgment of the trial court unless they are clearly erroneous. T.R. 52(A). In our treatment of Issues II and III, we hold that the trial court correctly determined the questions before it. Therefore, we will not set aside the post-conviction court's findings.

The documents submitted by Wickliffe after the hearing included numerous psychological records, motions, letters, a deci-sion from the Department of Health, Education and Welfare, affidavits, memoranda of law, an unsigned order, and proposed findings, accompanied by a motion to correct errors. Motions to correct error based on newly-discovered evidence are generally viewed with disfavor. *Scott v. State* (1987), Ind., 510 N.E.2d 170, 174, *cert. den.,* 484 U.S. 978 [108 S.Ct. 492, 98 L.Ed.2d 490]. To gain a new trial based upon newly-discovered evidence, the movant must show (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced on a retrial of the case; and (9) that it will probably produce a different result. *Id.* The decision whether to grant or deny a new trial based upon newly-discovered evidence lies within the discretion of the trial court. *Id.*

The trial court did not abuse its discretion in denying Wickliffe's motion to correct error. The only evidence tendered by Wickliffe which was even remotely material or relevant to the issues was the evidence of his mental condition. In addition to this evidence being cumulative of the other evidence of insanity introduced at the hearing, Wickliffe failed to show that he exercised due diligence in discovering it in time for trial. In fact, a letter from the Veteran's Administration dated June 3, 1986 indicated that he received copies of his medical and psychological records nearly three years before his May 17, 1989 hearing. Under these circumstances, a new post-conviction hearing was not warranted.

## II.

### *Ineffective Assistance of Counsel*

The scope of the petitioner's right to counsel in a proceeding for post-conviction relief was set out in *Baum v. State* (1989), Ind., 533 N.E.2d 1200, 1201:

The right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States

Constitution nor art. 1, § 13 of the Constitution of Indiana. A petition for post-conviction relief is not generally regarded as a criminal proceeding and does not call for a public trial within the meaning of these constitutional provisions. It thus is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level. (Citations omitted). Our supreme court concluded that a lesser standard was warranted when testing the effectiveness of post-conviction counsel: "[I]f counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674." *Baum, supra,* at 1201.

Wickliffe argues that trial and appellate counsel were ineffective for failing to raise the defense of "diminished responsibility" due to his mental state at the time of the crime. He challenged the effectiveness of both trial and appellate counsel in his first post-conviction petition. *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385. Thus, his challenge to their effectiveness was available to him at that time and is waived for purposes of this subsequent appeal. *Grey, supra,* at 1199. Moreover, the opinion in *Wickliffe* demonstrates that post-conviction counsel appeared and represented Wickliffe in a procedurally fair setting which resulted in a judgment by the post-conviction court in the earlier proceeding. Finally, the post-conviction court found that a suggestion of insanity had been filed by counsel on Wickliffe's behalf. The trial court did not err in finding that Wickliffe did not receive ineffective assistance of counsel.

## III.

### *Insanity*

Wickliffe's argument that the post-conviction court erred in failing to find that he was not responsible for the crime due to his mental condition is without merit. This issue was available to Wickliffe on his direct appeal and in his first petition for post-conviction relief. By failing to take advantage of either of these opportunities to raise the issue, he has waived it. *Grey, supra,* at 1198.

Affirmed.

GARRARD, J., and BUCHANAN, J., CONCUR.