39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leslie Keith KIMBALL, Petitioner-Appellant,
v.
Michael A. NELSON, Warden, El Dorado Correctional Facility;
and Attorney General of Kansas, Respondents-Appellees.
 No. 94-3161.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Leslie Kimball appeals the district court's order denying his petition for a writ of habeas corpus. We grant Mr. Kimball's motion for leave to proceed in forma pauperis, exercise jurisdiction under 28 U.S.C. 1291, and affirm.
 
 
 3
 Mr. Kimball sought habeas corpus relief claiming his state court conviction for aggravated arson, in regard to the burning of the residence where his former girlfriend was living with another man, was infirm for three reasons: (1) newly discovered evidence demonstrates he did not set fire to the premises in question; (2) the prosecution knowingly introduced perjured testimony at his trial; and (3) he was denied due process by the state postconviction court's decision to limit the evidence he could introduce at a postconviction hearing. The district court found no merit to these contentions and denied relief.
 
 
 4
 Mr. Kimball's newly discovered evidence took the form of a recanted statement by Lyle McCannon, Mr. Kimball's roommate and codefendant.[2] Mr. McCannon initially told the authorities he had accompanied Mr. Kimball to the residence in question and he waited outside while Mr. Kimball set the dwelling on fire. At trial, Mr. McCannon's testimony was entirely consistent with this earlier statement. Sometime after Mr. Kimball's conviction was affirmed on appeal, Mr. McCannon recanted his statement and subsequent testimony, which prompted the state postconviction court to grant an evidentiary hearing on the issue of newly discovered evidence. The state court ultimately concluded Mr. McCannon's recantation was simply not credible, relying on both the substantive inconsistencies between the recantation and the earlier statement and testimony, and Mr. McCannon's demeanor on the stand. After affording these factual findings the appropriate level of deference under 28 U.S.C. 2254(d), the federal district court found this claim to be without merit. We agree with this conclusion. The state court's findings that this "newly discovered evidence" did not warrant relief are more than adequately supported by the record and the testimony in this case, and we must therefore presume them to be correct. See Case v. Mondragon, 887 F.2d 1388, 1392 (10th Cir.1989) (state court findings of fact are presumptively correct as long as they are fairly supported by the record), cert. denied, 494 U.S. 1035 (1990). The district court properly denied relief.
 
 
 5
 Mr. Kimball's second claim, which is related to his first claim, rests on the assumption that Mr. McCannon's initial statement and testimony were false in light of the recantation. Based on this, Mr. Kimball argues the prosecution's use of Mr. McCannon's testimony constituted the knowing use of perjured testimony. We disagree. In reviewing this type of claim, we have held "the question of error turns not on the witness' knowledge of falsity, but on the government's knowledge." Graham v. Wilson, 828 F.2d 656, 659 (10th Cir.1987) (emphasis in original), cert. denied, 484 U.S. 1069 (1988). The law is clear, however, that "[c]ontradictions and changes in a witness's testimony alone ... do not create an inference, let alone prove, that the prosecution knowingly presented perjured testimony." Tapia v. Tansy, 926 F.2d 1554, 1563 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991). In this case, the district court relied on the state court's findings and concluded there was no evidence to support a finding that the prosecution knew Mr. McCannon's testimony was false, and we agree with this conclusion. In fact, the state court's findings clearly support the conclusion that Mr. McCannon's testimony was true, and that the recantation was what was not credible. Accordingly this claim of error must also fail.
 
 
 6
 Mr. Kimball's final argument is that the state postconviction court impermissibly restricted his right to introduce evidence he claims would support a conclusion that the prosecution knowingly introduced false testimony. While we would reject this claim on the merits for reasons set forth above, we note that Mr. Kimball is asking us to go beyond the power vested in us by Congress under the habeas corpus statute. Section 2254 is an affirmative grant of power to the federal courts "to determine the constitutionality of a state criminal conviction, [and] does not authorize review of state postconviction relief proceedings." Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir.) (emphasis added), cert. denied, 469 U.S. 823 (1984). Thus, even if we assume, without deciding, that the state postconviction court's decision to limit Mr. Kimball's evidence was error, we would not be empowered to grant relief since this is simply a claim of error in "a proceeding collateral to detention of appellant and not on the detention itself." Id. (quoting Williams v. Missouri, 640 F.2d 140, 144 (8th Cir.), cert. denied, 451 U.S. 990 (1981)). Moreover, Mr. Kimball's reliance on Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980), is misplaced. Brinlee does not state that federal courts may review claims of error relating to a postconviction proceeding when the alleged error amounts to the deprivation of a fundamental right such as due process. Rather, Brinlee merely recites the basic principle that federal habeas corpus courts are powerless to review questions of state law unless the state law violation can be equated with the deprivation of a federal right. Id.; see also Estelle v. McGuire, 502 U.S. 62, ---, 112 S.Ct. 475, 480 (1991) (federal habeas relief is only available upon a showing that a conviction violated federal law and review "does not lie for errors of state law," quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Therefore, we reject this claim of error as well.
 
 
 7
 The district court's order denying the petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. McCannon subsequently pled guilty to attempted arson